IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Lecinda Zimmerman, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | **Case No. 5:19-cv-00796-C** |
| | ) | |
| New Prime, Inc. d/b/a Prime, Inc. | ) | |
| | ) | |
|     *Defendant*. | ) | |

**AGREED PROTECTIVE ORDER**

The Court issues this Protective Order to facilitate document disclosure and production under the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets or containing material protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to) consumer and third-party names, such as the first and last names of persons involved in an accident or of other individuals not directly involved in an accident but included in documents related to an accident; any confidential settlement agreement (including the amount and/or its existence); Social Security Numbers; health information relating to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual, or the past, present or future payment for the provision of health care to an individual; personal financial information such as tax information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; VIN numbers; or driver's license or other identification

numbers ("Personal Information") (collectively, "Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage; and

3. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential," "Confidential Produced Pursuant to Protective Order," or similar language, and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

3. Protected Documents and any information contained therein shall be disclosed only to the following person(s) ("Qualified Persons").

    a. The Parties to this action and/or employees or agents of the same;

    b. Counsel for the respective Parties to this action;

    c.    Employees of such counsel assigned to assist such counsel in the preparation of this action, including administrative staff and technical support;

    d.    Independent experts and consultants retained by a Party whose assistance is deemed necessary by such Party's counsel for the prosecution of this action, and employees of such experts and consultants necessary to assist such persons in performing their duties;

    e.    Any and all court reporters, staff, and/or videographers utilized in depositions conducted in this case;

    f.    This Court and its administrative personnel or any Court asked to enforce this Protective Order; or

    g.    A non-party witness who agrees to be bound by this Protective Order.

All Qualified Persons receiving copies of the Protected Documents and any information contained therein shall execute Exhibit A attached to this Agreed Protective Order. Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

4.    The term "copy" as used herein means any photographic, mechanical, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

5.    To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the

provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein. Moreover, protected documents shall not be filed with the Court unless under seal.

6. Any court reporter or transcriber who records or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcripts or such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

7. Inadvertent or unintentional production of documents or information containing Confidential Information, which are not designated "confidential", shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

8. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

9. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

10. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents or, in the alternative, counsel may certify that all such documents have been destroyed.

11.     Filing Under Seal: In the event that any designated Confidential Document(s) or thing(s), or the information contained therein, is to be included with, or part of the contents thereof are in any way to be disclosed in any pleading, motion, deposition, or other paper to be filed with the Court, the confidential material shall be submitted under seal or if by paper then in an attached envelope marked "For in camera review only." When practicable, however, only the confidential portion of the pleadings filed with the Court will be filed under seal.

12.     Instructions to the Clerk of the Court: The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony filed in or with this Court in this action which have been ordered sealed by this Court in accordance with FED.R.CIV.P. 36(c) and OKLA. STAT. tit. 51, §§ 24A.25, 24A.29, and 24A.30.

13.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organization over which they have control.

**DATED** this 18th day of December 2020.

ROBIN J. CAUTHRON
United States District Judge

# EXHIBIT A

Dated: _____

**TO WHOM IT MAY CONCERN:**

**Re:**   *Lecinda Zimmerman vs. New Prime, Inc. d/b/a Prime, Inc.*;
Civil Action No. 5:19-cv-00796-C;
In the United States District Court for the Western District of Oklahoma

The undersigned hereby acknowledges that he/she has read, is fully familiar with, and understands the terms of the Agreed Protective Order entered in the above-entitled action, that he/she will not disclose protected information to any person to whom disclosure is not authorized by the terms of the Protective Order, and that he/she agrees to and shall be bound by the terms of the Protective Order. The undersigned further agrees to be subject to the jurisdiction of this Court with respect to any issues related to this Protective Order.

Sincerely,

BY: _____
       RECIPIENT SIGNATURE

_____
       RECIPIENT NAME