IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LECINDA ZIMMERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-19-796-C |
| ) | |
| NEW PRIME, INC. d/b/a PRIME, INC., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion seeking to partially exclude the opinions and testimony of Plaintiff's expert witness Terry Ponder. Defendant argues that Mr. Ponder should not be permitted to testify regarding his opinions: (1) regarding the availability, and/or efficacy of side underride protection; (2) the applicability of certain federal regulations; and (3) opinions that the trucking lobby has campaigned against side underride protection and that is why there are no federal regulations requiring installation.

Pursuant to Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the Court must conduct a two-part inquiry prior to permitting an expert witness to testify before a jury.

> First, the district court must "determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." [United States v. Nacchio, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quoting Fed. R. Evid. 702)]. Second, if the expert is sufficiently qualified, the district court "must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." Id.

Schulenberg v. BNSF Ry. Co., 911 F.3d 1276, 1282-83 (10th Cir. 2018). Here, Defendant

does not challenge the qualifications of Mr. Ponder. Rather, the present Motion only attacks the reliability of the expert's opinion. As to Mr. Ponder's opinions regarding the availability and/or efficacy of side underride protection, each of the arguments raised by Defendant are items that can be challenged through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof . . . ." Daubert, 509 U.S. at 596. On this issue, the Court finds the reasoning and methodology underlying Mr. Ponder's opinions are sufficient to satisfy the gatekeeping requirements of Daubert. As to the applicability of the federal regulations, Plaintiff states that Mr. Ponder will not offer this evidence at trial and so the Motion is moot on this point. In the event Plaintiff alters this position, she must first approach the Court outside the presence of the jury for a ruling on the issue. As for the opinions about the effect of lobbying, Plaintiff argues that in the event Defendant offers testimony that there are no regulations requiring side underride protection that she should be able to rebut that testimony with Mr. Ponder's evidence. The Court agrees and finds Mr. Ponder's opinion to be sufficiently reliable on this issue. Finally, Plaintiff argues that Defendant has buried within its argument a claim any discussion about rear underride is irrelevant to the claims in this case. Plaintiff argues that as Mr. Ponder's opinion explains, there are correlations between the two. The Court finds Mr. Ponder's opinions on this issue sufficiently reliable and he will be permitted to testify on the issue.

For the reasons set forth herein, Defendant New Prime, Inc. d/b/a Prime Inc.'s *Daubert* Motion to Strike Certain Testimony from Plaintiff's Expert Terry Ponder (Dkt. No. 57) is DENIED.

IT IS SO ORDERED this 25th day of August 2021.

*[Signature]*
ROBIN J. CAUTHRON
United States District Judge