IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LECINDA ZIMMERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-19-796-C |
| | ) |
| NEW PRIME, INC. d/b/a PRIME, INC., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion seeking to exclude the opinions and testimony of Plaintiff's expert Dr. Mariusz Ziejewski. Defendant takes issue with Dr. Ziejewski's analysis of whether Ms. Gatlin would have survived the collision if the AngelWing side underride protection had been installed on Defendant's trailer. According to Defendant, all of Dr. Ziejewski's opinions are based on the AngelWing side underride guard. Defendant argues that because that underride protection was not available prior to the collision at issue in this case, Dr. Ziejewski's opinions have no value.

Pursuant to Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the Court must conduct a two-part inquiry prior to permitting an expert witness to testify before a jury.

> First, the district court must "determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." [United States v. Nacchio, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quoting Fed. R. Evid. 702)]. Second, if the expert is sufficiently qualified, the district court "must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." Id.

Schulenberg v. BNSF Ry. Co., 911 F.3d 1276, 1282-83 (10th Cir. 2018). Here, Defendant does not challenge the qualifications of Dr. Ziejewski. Rather, the present Motion only attacks the reliability of the expert's opinion. On this point, Defendant's Motion must fail. First, Defendant is incorrect is asserting that the entirety of Dr. Ziejewski's opinion is based on the AngelWing system. Second, each of the issues challenged by Defendant are items that can be challenged through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof . . . ." Daubert, 509 U.S. at 596. At this stage, the Court finds the reasoning and methodology underlying Dr. Ziejewski's opinions are sufficient to satisfy the gatekeeping requirements of Daubert.

For the reasons set forth herein, Defendant New Prime, Inc. d/b/a Prime Inc.'s *Daubert* Motion to Strike Opinions of Plaintiff's Expert Dr. Mariusz Ziejewski (Dkt. No. 60) is DENIED.

IT IS SO ORDERED this 25th day of August 2021.

ROBIN J. CAUTHRON
United States District Judge