IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LECINDA ZIMMERMAN,                )
                                  )
                    Plaintiff,    )
                                  )
vs.                               )        Case No. CIV-19-796-C
                                  )
NEW PRIME, INC. d/b/a PRIME, INC.,)
                                  )
                    Defendant.    )

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff has filed a Motion seeking to exclude the opinions and testimony of Defendant's expert Dr. Joseph D. Peles.   Plaintiff argues that Dr. Peles' opinions are based on nothing more than speculation and guesswork.   Plaintiff argues that most of Dr. Peles' opinions include the words may, can, could, and similar words demonstrating the opinions are only based on possibilities not probabilities.

Pursuant to Fed. R. Evid. 702 and <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), the Court must conduct a two-part inquiry prior to permitting an expert witness to testify before a jury.

First, the district court must "determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." [<u>United States v. Nacchio</u>, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quoting Fed. R. Evid. 702)].   Second, if the expert is sufficiently qualified, the district court "must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology."   <u>Id.</u>

<u>Schulenberg v. BNSF Ry. Co.</u>, 911 F.3d 1276, 1282-83 (10th Cir. 2018).   Here, Plaintiff does not challenge the qualifications of Dr. Peles.   Rather, the present Motion only attacks the reliability of the expert's opinion.   On this point, Plaintiff's Motion must fail.   Each

of the issues challenged by Plaintiff are items that can be challenged through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof . . . ."   Daubert, 509 U.S. at 596.   At this stage, the Court finds the reasoning and methodology underlying Dr. Peles' opinions are sufficient to satisfy the gatekeeping requirements of Daubert.

For the reasons set forth herein, Plaintiff's Motion to Exclude the Testimony of Joseph D. Peles, PhD (Dkt. No. 61) and Plaintiff's Motion to Strike the Testimony of Joseph D. Peles, PhD (Dkt. No. 64) are DENIED.

IT IS SO ORDERED this 25th day of August 2021.

ROBIN J. CAUTHRON
United States District Judge