IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LECINDA ZIMMERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-19-796-C |
| ) | |
| NEW PRIME, INC. d/b/a PRIME, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

On September 1, 2017, Kaylyn Gatlin was traveling northbound on a rural road in Blaine County, Oklahoma. Ms. Gatlin struck a trailer owned by Defendant and was killed. Plaintiff, Ms. Gatlin's mother, then filed the present action against Defendant arguing that Defendant was negligent for failing to implement a trailer side underride guard system across its fleet. Defendant has filed a Motion for Summary Judgment arguing the undisputed facts demonstrate that it was not the proximate cause of Ms. Gatlin's death and so it cannot be liable to Plaintiff.

STANDARD OF REVIEW

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of

material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted). If the movant satisfactorily demonstrates an absence of genuine issue of material fact with respect to a dispositive issue for which the non-moving party will bear the burden of proof at trial, the non-movant must then "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). When considering a motion for summary judgment, a court must "'view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.'" Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000) (quoting Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999), *abrogated on other grounds by* Eisenhour v. Weber Cnty, 739 F.3d 496 (10th Cir. 2013)).

## ANALYSIS

It is undisputed that prior to striking Defendant's trailer, Ms. Gatlin ran a stop sign. Defendant argues that act was the proximate cause of her death and, therefore, Plaintiff cannot prevail on her claim. In this argument, Defendant overlooks the nature of Plaintiff's claim. Plaintiff has alleged that Defendant's failure to provide side underride protection on its trailers led to Ms. Gatlin's death. Thus, the question for the jury to determine is not the cause of the collision, which was clearly due to Ms. Gatlin running the stop sign, but the cause of her death.

Plaintiff has offered evidence which, if believed by the jury, would demonstrate that Ms. Gatlin would have survived the collision if the underride protection had been installed. Thus, under Oklahoma law, if the jury finds Defendant negligent, that negligence would be a supervening cause to Ms. Gatlin's negligence. As explained by the Oklahoma Supreme Court:

> A supervening cause is a new, independent and efficient cause of the injury which was neither anticipated nor reasonably foreseeable. In other words, if the negligence complained of merely affords an opportunity that makes the injury possible and a subsequent independent act causes that injury, the opportunity is not the proximate cause of the injury.

Akin v. Missouri Pac. R.R. Co., 1998 OK 102, ¶ 38, 977 P.2d 1040, 1054-55. Applying this law, the jury could find that Ms. Gatlin's negligence was the opportunity for injury to occur and it was the failure to install side underride protection that actually caused the injury. Accordingly, Defendant is not entitled to judgment and its Motion will be denied.

## CONCLUSION

As set forth more fully herein, Defendant New Prime, Inc. d/b/a Prime, Inc.'s Motion for Summary Judgment (Dkt. No. 65) and Defendant New Prime, Inc. d/b/a Prime, Inc.'s Supplemental Motion for Summary Judgment (Dkt. No. 72) are DENIED.

IT IS SO ORDERED this 25th day of August 2021.

ROBIN J. CAUTHRON
United States District Judge