IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LECINDA ZIMMERMAN,                    )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )        Case No. CIV-19-796-C
                                      )
NEW PRIME, INC. d/b/a PRIME, INC.,    )
                                      )
                    Defendant.        )

## MEMORANDUM OPINION AND ORDER

On September 1, 2017, Kaylyn Gatlin was traveling northbound on a rural road in

Blaine County, Oklahoma.  Ms. Gatlin struck a trailer owned by Defendant and was killed.

Plaintiff, Ms. Gatlin's mother, then filed the present action against Defendant arguing that

Defendant was negligent for failing to implement a trailer side underride guard system across

its fleet.  Plaintiff has filed a Motion for Summary Judgment arguing the undisputed facts

demonstrate that Defendant breached the duty it owed to prevent Ms. Gatlin's death and so is

liable to Plaintiff.

## STANDARD OF REVIEW

Summary judgment is properly granted if the movant shows that no genuine dispute as

to any material fact exists and that the movant "is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A fact is material if it affects the disposition of the substantive claim.

Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986).  The party seeking summary

judgment bears the initial burden of demonstrating the basis for its motion and of identifying

those portions of "the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of

material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted).

If the movant satisfactorily demonstrates an absence of genuine issue of material fact with

respect to a dispositive issue for which the non-moving party will bear the burden of proof at

trial, the non-movant must then "go beyond the pleadings and . . . designate 'specific facts

showing that there is a genuine issue for trial.'"  Id. at 324.  These specific facts may be shown

"by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings

themselves."  Id.  Such evidentiary materials include affidavits, deposition transcripts, or

specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.

1992).  When considering a motion for summary judgment, a court must "'view the evidence

and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.'"

Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000) (quoting Simms

v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326

(10th Cir. 1999), abrogated on other grounds by Eisenhour v. Weber Cnty, 739 F.3d 496 (10th

Cir. 2013)).

## ANALYSIS

Plaintiff seeks a determination from the Court that Defendant owed Ms. Gatlin a duty,

that it breached that duty, and that the breach was the cause of injury.  Plaintiff's argument that

the facts as to these questions are undisputed is incorrect.  Rather, there are disputes of material

fact as to each.  On the issue of duty, Plaintiff argues that the testimony of Mr. Fields,

Defendant's safety director and corporate representative, established an obligation for

Defendant to provide side underride protection.  Mr. Fields' testimony does not support this

argument.  To be sure, Mr. Fields stated that Defendant owed a duty to ensure Defendant's trailers were safe.  However, his testimony cannot be read to unequivocally state that duty included the provision of side underride protection.  Indeed, Plaintiff fails to offer any undisputed evidence demonstrating a duty by Defendant to provide side underride protection. Because each of the parts of Plaintiff's Motion hinge on the establishment of a duty, the Motion must be denied.  Moreover, even assuming that Plaintiff had established the existence of a duty, the Motion would still fail, as the questions of breach and injury are in dispute.  The material facts are in dispute as to whether injuries to a person in the position of Ms. Gatlin were or should have been foreseeable to Defendant.  Likewise, the facts are in dispute as to the cause of Ms. Gatlin's injuries.  Accordingly, Plaintiff is not entitled to judgment and her Motion will be denied.

<u>CONCLUSION</u>

As set forth more fully herein, Plaintiff's Motion for Partial Summary Judgment as to Duty, Breach of Duty, and Proximate Cause (Dkt. No. 58) and Plaintiff's Amended Motion for Partial Summary Judgment as to Duty, Breach of Duty, and Proximate Cause (Dkt. No. 69) are DENIED.

IT IS SO ORDERED this 25th day of August 2021.

ROBIN J. CAUTHRON
United States District Judge

3